Filed 8/23/24  P. v. Moran CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>VICTOR MORAN,<br><br>    Defendant and Appellant. | F087439<br><br>(Super. Ct. No. VCF274709A)<br><br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Melinda Myrle Reed, Judge.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P. J., Franson, J. and Smith, J.

## INTRODUCTION

Appellant and defendant Victor Moran (appellant) pleaded no contest to voluntary manslaughter and admitted firearm and gang enhancements, and was sentenced to the stipulated term of 31 years. He later filed a petition for resentencing pursuant to Penal Code[1] section 1172.6. The People offered to reduce appellant's aggregate sentence in exchange for the dismissal of the petition with prejudice. Appellant accepted, and he was resentenced to an aggregate term of 19 years.

On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant did not file a supplemental brief on his own behalf. We affirm.

## FACTS

On July 25, 2013, an information was filed in the Superior Court of Tulare County charging appellant with committing the following offenses on or about October 20, 2012: count 1, murder of A.C. (§ 187, subd. (a)), with the gang special circumstance (§ 190.2, subd. (a)(22)), personally and intentionally discharging a firearm causing death (§ 12022.53, subds. (d) & (e)(1)), personally discharging a firearm (§ 12022.53, subds. (c) & (e)(1)), and gang enhancements (§ 186.22, subds. (b)(4), (b)(1)(C)); and count 2, manufacturing a short-barreled shotgun (§ 33215), with a gang enhancement (§ 186.22, subd. (b)(1)(a)).

**Plea and Sentence**

On September 23, 2014, appellant pleaded no contest to amended count 1, voluntary manslaughter (§ 192, subd. (a)), and admitted the personal use of a firearm (§ 12022.5 subd. (a)), and the gang enhancement (§ 186.22, subd. (b)(1)(C)), for a

---

[1] All further statutory citations are to the Penal Code.

stipulated aggregate term of 31 years; and a no contest plea to count 2 for a concurrent term.

On November 12, 2014, the trial court imposed the stipulated sentence of 31 years.

**Petitions for Resentencing**

On February 14, 2019, appellant filed a petition for resentencing of his voluntary manslaughter conviction pursuant to former section 1170.95. The trial court denied the petition because the statute did not provide resentencing for a voluntary manslaughter conviction.

On July 14, 2023, appellant filed a second petition for resentencing pursuant to section 1172.6. The trial court appointed counsel and conducted a hearing on the prima facie issue.

On October 18, 2023, the trial court convened the prima facie hearing, and the parties stated they had reached a resolution. The People proposed to reduce appellant's aggregate sentence by 12 years in exchange for the dismissal of the petition with prejudice. The court continued the matter for appellant to consider the offer.

**Resentencing**

On October 20, 2023, appellant accepted the People's offer. The trial court resentenced appellant to an aggregate term of 19 years based on the midterm of six years for count 1, voluntary manslaughter, plus the lower term of three years for the personal use enhancement, and the lower term of 10 years for the gang enhancement; and a concurrent term for count 2. The court dismissed appellant's section 1172.6 petition with prejudice. The court directed the probation office to calculate appellant's actual credits and for his record to be adjusted accordingly.

On May 8, 2024, the trial court filed a corrected abstract of judgment.

## DISCUSSION

As noted above, appellate counsel filed a *Wende* brief with this court. The brief also includes counsel's declaration that appellant was advised he could file his own brief

3.

with this court.  This court advised appellant by letter that he could file a supplemental letter or brief raising any arguable issues.  Appellant did not do so.

After independent review of the record, we find no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The trial court's resentencing and judgment filed on October 20, 2023, is affirmed.